UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19cv61413

MATTHEW ALEXANDER BROUGH,
individually and on behalf of all those
similarly situated,

       Plaintiff,

v.                                                                      **COMPLAINT – CLASS ACTION**

BROWARD COLLEGE,

       Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING**
**INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

Plaintiff MATTHEW ALEXANDER BROUGH ("Plaintiff"), by and through undersigned counsel, sues Defendant BROWARD COLLEGE ("Defendant") for violation of Florida Statute § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**1.**       **JURISDICTION AND VENUE**

      1.      Jurisdiction of this Court arises under 28 U.S.C. § 1332(d), as the total amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs.

      2.      Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

*2.*       **PARTIES**

      3.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4.      Defendant is a four-year college, as defined by Fla. Stat, § 1000.21, that receives Federal financial assistance and is an entity governed by the FCCPA.

**3.      DEMAND FOR JURY TRIAL**

5.      Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

**4.      ALLEGATIONS**

6.      The debt at issue is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

7.      In particular, the debt at issue (the "Consumer Debt") represents an allegedly outstanding amount Plaintiff incurred to obtain educational services and/or benefits from Defendant.

8.      The Consumer Debt is a "debt" governed by the FCCPA. *See* Fla. Stat. § 559.55(6).

9.      On a date better known by Defendant, Defendant began attempting collect the Consumer Debt from Plaintiff.

10.     On a date better known to Defendant, Defendant sent a collection letter dated June 12, 2017, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

11.     Below is an except taken from the Collection Letter.

Your debt is seriously past due at this time.  This letter is your final notice that unless we receive payment within 30 days from the date of this notice, we will place your debt with a collection agency and your debt may be reported to the credit reporting agencies. Broward College will assess an additional collection fee up to 33% of the outstanding balance for collection of this debt.  Additionally, all future registration and transcripts will be blocked until the debt is paid in full.  Balance in full is due, if you are unable to make payment in full, please contact us at 954-201-7434 to discuss repayment.

*See* Exhibit A.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

12.     As evidenced above, the Collection Letter states that "Broward College will assess an additional collection fee up to 33% of the outstanding balance for collection of this debt." *See* Exhibit A.

13.     Defendant does not have any statutory or contractual right to "assess an additional collection fee up to 33% of the outstanding balance" for the collection of the debt referenced in the Collection Letter, *i.e.*, the Consumer Debt.

14.     Defendant knew it did not have any statutory or contractual right and/or authority to assess Plaintiff additional collection fees up to 33% of the outstanding balance Defendant sought to collect from Plaintiff in the Collection Letter.

15.     On a date better known by Defendant, Plaintiff paid money to Defendant for collection costs and/or fees that were unlawfully assessed by Defendant.

**5.      CLASS ACTION ALLEGATIONS**

16.     This action is brought on behalf of the following two classes: the "FCCPA Class" and the "Money Had and Received Class."

17.     The "**FCCPA Class**" consists of:

> (1) all persons with Florida addresses (2) who received a letter (3) from Defendant (4) that threatened to assess collection fees which Defendant does/did not have any statutory or contractual right and/or authority to assess or collect (5) during the twenty-four [24] months preceding the filing of this Complaint.

18.     The "**Money Had and Received Class**" consists of:

> (1) all persons with Florida addresses (2) who directly or indirectly paid monies (3) to Defendant, or to any third party demanded by Defendant (4) during the forty-eight [48] months preceding the filing of this action (v) for collection fees which were unlawfully assessed to the class member.

19.     Plaintiff alleges, on information and belief, both the FCCPA Class and the Money Had and Received Class are so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical letters to addresses in Florida which unlawfully threaten to assess collection fees which Defendant does not have the legal or contractual right and/or authority to assess or collect.

5.1     <u>EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT</u>

20.     Common questions of law and fact exist as to both the FCCPA Class and the Money Had and Received Class, and otherwise predominate over any issues involving only individual class members.

21.     The factual issues common to the FCCPA Class are whether members received a letter from Defendant which unlawfully threated to assess collection fees and/or costs.

22.     The factual issues common to the Money Had and Received Class is whether members paid collection fees and/or costs unlawfully assessed by Defendant.

23.     The principal legal issue for the FCCPA Class is whether Defendant, by threatening to assess collection fees and/or costs that Defendant did not have the statutory or contractual right to assess, violated § 559.72(9) of the FCCPA.

24.     The principal legal issue for the Money Had and Received Class is whether Defendant unlawfully received money from class members for collection fees and/or costs that Defendant did not have the statutory or contractual right to assess.

25.     Excluded from the class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5.2     <u>TYPICALITY</u>

26.     Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

5.3     <u>ADEQUACY</u>

27.     Plaintiff is an adequate representative of each of the classes.

28.     Plaintiff will fairly and adequately protect the interests of the classes.

29.     Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

5.4     <u>PREDOMINANCE AND SUPERIORITY</u>

30.     Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

      (a)     The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

      (b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31.     Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*COUNT I.*
**VIOLATION OF FLA. STAT. § 559.72(9)**

32.     On behalf of the FCCPA Class, Plaintiff incorporates by reference paragraphs 1-31 as though fully set forth herein.

33.     Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

34.     Defendant is an entity governed by Fla. Stat. § 559.72(9), *in that*, it is a violation of the FCCPA for Defendant to engage in the conduct explicitly prohibited by Fla. Stat. § 559.72(9).

35.     Here, as stated above, Defendant threatens Plaintiff with the assessment of collection fees – of up to 33% of the outstanding balance Defendant sought to collect from Plaintiff – in the Collection Letter.

36.     At all times material, Defendant knew it did not have *any* statutory or contractual right and/or authority to assess the collection fees threatened in the Collection Letter.

37.     As such, Defendant violated Fla. Stat. § 559.72(9) by threatening Plaintiff with the assessment of collection fees that Defendant did/does not have any legitimate authority, whether by statutory or contract, to assess or otherwise collect from Plaintiff.

38.     WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests the Court enter judgment in favor of Plaintiff and the FCCPA Class and against Defendant for:

(a)     Statutory damages, as provided under Fla. Stat. § 559.77(2);

(b)     Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.72(2);

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(c)     An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

(d)     Such other or further relief as the Court deems proper.

### COUNT II.
### MONEY HAD AND RECEIVED

39.     On behalf of the FCCPA Class, Plaintiff incorporates by reference paragraphs 1-31 as though fully set forth herein.

40.     Plaintiff paid money to Defendant for a debt allegedly which Defendant sought to collect from Plaintiff.

41.     Defendant received the payment and did not return it to Plaintiff despite the fact that the payment made to Defendant included costs and/or fees, namely, collection costs and fees, which Defendant did not have the legal authority to assess or otherwise collect from Plaintiff.

42.     Likewise, the members of the Money Had and Received Class each conferred a similar benefit on Defendant, *i.e.*, each made a payment to Defendant towards a debt he or she allegedly owed, but which unlawfully included costs and/or fees, namely, collection costs and fees, which Defendant did not have the legal authority to assess or otherwise collect from the class member.

43.     In each case, Defendant received and did not return the money it unlawfully obtained.

44.     The circumstances are such that it would be unfair for Defendant to retain the benefit its criminal activity. Therefore, all the money taken during the time frame relevant to this claim should be returned.

45.     A claim for money had and received may be based upon any set of facts "which show that an injustice would occur if money were not refunded." Moore Handley, Inc. v. Major

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Realty Corp., 340 So.2d 1238, 1239 (Fla. 4th DCA 1976). *See also* <u>Kelly v. Palmer, Reifler &</u>
<u>Associates, PA</u>, 681 F. Supp. 2d 1356 (S.D. Fla. 2010).

46.     A claim for "money had and received cannot be denied merely because the plaintiff
may have other remedies to recover its loss." 66 Am. Jur. 2d Restitution and Implied Contracts §
172 (2008).

47.     WHEREFORE, Plaintiff, individual and on behalf of the Money Had and Received
Class, request that the Court enter judgment in favor of Plaintiff and the Money Had and Received
Class and against Defendant for:

(a)     Actual damages – for the total dollars unlawfully collected by Defendant from the
members of the Money Had and Received Class over the class time period (plus
interest);

(b)     An order instructing Defendant to disgorge their ill-gotten monies from the Money
Had and Received Class members;

(c)     Litigation expenses, attorneys' fees, and costs of the instant suit; and

(d)     Such other or further relief as the Court deems proper.

DATED: June 6, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         855-529-9540

*COUNSEL FOR PLAINTIFF*